Legal Counsel.

Dinsmore

DINSMORE & SHOHL LLP
1200 Liberty Ridge Drive, Suite 310
Wayne, PA 19087
www.dinsmore.com

Link, Joshua
(610) 408-6020 (phone) · (610) 408-6021 (fax)
joshua.link@DINSMORE.COM

May 26, 2020

**VIA CM/ECF SYSTEM**

The Honorable Renee Marie Bumb
United States District Court
District of New Jersey
Mitchell H. Cohen Courthouse
4th & Cooper Streets
Camden, New Jersey 08101
Courtroom: 3D

**Re: *Steven R. Farrington v. Freedom Mortgage Corporation*, No. 20-cv-04432**

Dear Honorable Judge Bumb:

Pursuant to the Court's Rules and Procedures, please accept this as Defendant Freedom Mortgage Corporation's ("Freedom") request for a pre-motion conference in regard to its intent to file a motion to dismiss Plaintiff Steven Robert Farrington's ("Plaintiff") Complaint against it. As a matter of law, Plaintiff's claims against Freedom are barred by judicial estoppel pursuant to Section 1306 of the Bankruptcy Code for his failure to disclose the alleged claims as assets in his prior Chapter 13 bankruptcy and 12(b)(6) for failure to state a claim.

**Background**

Plaintiff filed for Chapter 13 bankruptcy in Colorado, where the property at issue is located, in 2013 (the "Underlying Bankruptcy"). Each of the events alleged in Plaintiff's Complaint occurred during the Underlying Bankruptcy. Because the Bankruptcy Code provides certain protections to a debtor, here Plaintiff, and allows him to discharge debts based on his financial status during the bankruptcy, the integrity of the representations made by him during his bankruptcy are core to the integrity of the bankruptcy system and he is bound by those representations going forward. When a debtor makes inconsistent representations regarding events that occurred prior to or during a Chapter 13 bankruptcy later, courts have invoked the legal concept of judicial estoppel to bar such claims.

**Analysis**

Section 1306 of the Bankruptcy Code states, in relevant part, that property of the estate includes "all property . . . that the Plaintiff acquires after the commencement of the case but before

the case is closed, dismissed, or converted to a case under Chapter 7, or 11, or 12. . . , whichever occurs first." Accordingly, a Chapter 13 debtor, here Plaintiff, has an ongoing, affirmative duty to disclose contingent assets to the bankruptcy court and this duty to disclose continues throughout the course of his Chapter 13 proceeding. 11 U.S.C. § 1306(a)(1); *See Coles v. Carlini*, No. 10-6132 (JBS/AMD), 2013 U.S. Dist. LEXIS 101873, *18 (D. N.J. July 22, 2013) (citing *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.* (*Krystal II*), 337 F.3d 314, 319 (3d Cir. 2003)). Judicial estoppel is a tool designed to protect the Court from parties who seek to gain advantage by "litigating on one theory and then subsequently seeking additional advantage by pursuing an irreconcilably inconsistent theory." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996).

The Underlying Bankruptcy was discharged and closed on September 11, 2018. Accordingly, Section 1306 of the Bankruptcy Code required Plaintiff to disclose in his schedules all claims that arose prior to September 11, 2018. Assuming the well-pled factual allegations in Plaintiff's Complaint are true for the purpose of this Motion, Plaintiff has effectively plead himself out of court by showing that he was aware of each of the claims plead in the Complaint during the Underlying Bankruptcy, and the record in the Underlying Bankruptcy is proof that Plaintiff failed to disclose any such claims. When a plaintiff fails to disclose to creditors pending or potential causes of action as contingent assets, the Third Circuit and district courts have invoked the doctrine of judicial estoppel to dismiss those claims by considering a three-part analysis. *Krystal II*, 337 F.3d at 322, 325.

The doctrine of judicial estoppel is applied when the party to be estopped (1) took a position during litigation that is "irreconcilably inconsistent" with his present position, (2) the party changed his position in "bad faith," and (3) "no lesser sanction would adequately remedy the damage done by litigant's misconduct." *Id.* (quoting *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 779–80 (3d Cir. 2001)). Although Plaintiff failed to apprise this Court of the existence of the Underlying Bankruptcy, he cannot dispute that based on his own allegations and the record in the Underlying Bankruptcy, each of his claims arose during the pendency of the Underlying Bankruptcy and were not disclosed as potential assets.

First, there is no dispute based on the record in the Underlying Bankruptcy that he failed to amend his schedules to include these claims. Despite this irreconcilable inconsistency, Plaintiff now alleges that he is entitled to actual, compensatory, and punitive damages against Freedom for conduct that occurred during the Underlying Bankruptcy. (*See* Compl., ¶ 1, Counts I through V.) Plaintiff cannot fail to disclose "existing" claims during the Underlying Bankruptcy, thereby depriving unsecured creditors of potential recovery, then claim entitlement to significant recovery against Freedom after the bankruptcy is closed.

Further, a "rebuttable inference of bad faith arises when averments in the pleadings demonstrate both **knowledge of a claim** and **a motive to conceal that claim in the face of an affirmative duty to disclose**." *Id.* (citing *Krystal II*, 337 F.3d at 321) (emphasis added). Such an inference is present in this case. Plaintiff had knowledge of the claims now alleged as evidenced by the significant litigation in the Underlying Bankruptcy and Adversary Proceeding regarding Plaintiff's payments during the Underlying Bankruptcy, Freedom's application of those payments,

and the Parties ongoing dispute regarding the insurance proceeds. Plaintiff's inconsistent positions are exceptionally problematic here because Plaintiff discharged approximately $10,000 in unsecured debt without payment. Had he revealed these claims, to the extent they existed, they could have been pursued to increase recovery for unsecured creditors. However, Plaintiff did not disclose these claims and the unsecured creditors and trustee acted, as they must, in reliance upon Plaintiff's representations. Plaintiff cannot now reap the benefit of his failure to disclose. Plaintiff may not selectively list assets in bankruptcy. *In re Koch*, 229 B.R. 402, 406 (Bankr. W.D. Ky. 2004).

In addition, no lesser sanction than dismissal is available. Courts in this Circuit have rejected the notion that the harm of nondisclosure is adequately cured by directing any damages awarded to the Plaintiff to creditors. *See Coles*, 2013 U.S. Dist. LEXIS 101873, at *34. While some creditors might benefit from this, it permits plaintiffs to "wait and see" if their nondisclosure is noticed and "essentially amounts to no sanctions whatsoever." *Id.* (quoting *DePasquale v. Morgan Stanley Smith Barney LLC*, No. 10-6826, 2011 U.S. Dist. LEXIS 94058, at *7 (D.N.J. Aug. 23, 2011)) (internal quotations omitted). Because Plaintiff was aware of his claims for several years during the pendency of the Underlying Bankruptcy, and the Court ultimately forgave approximately $10,000 in unsecured debt, no lesser sanction than judicial estoppel is appropriate.

To the extent Plaintiff's FCRA claim arose after discharge of the Underlying Bankruptcy, this Court should still dismiss Plaintiff's FCRA claim for failure to state a claim upon which relief can be granted. Plaintiff's Complaint alleges that his letter, sent to the bureaus, states that "the insurance money should have been applied to the loan since Defendant refused to allow him to use the insurance money to rebuild." Compl. ¶ 60. As plead, Plaintiff has failed to state a claim upon which relief can be granted as the issues raised by Plaintiff have nothing to with credit reporting. Plaintiff's dispute is not a credit dispute falling within the framework of the FCRA but a dispute regarding the rights and obligations of the parties with respect to the insurance proceeds, which is governed by the loan documents, and which was litigated in the Underlying Bankruptcy and the Adversary Proceeding in favor of Freedom. Just because Plaintiff did not obtain a favorable result in the prior forum and otherwise sent a letter to the credit bureaus, does not now mean he has plead a FCRA claim against Freedom and Count I should therefore be dismissed with prejudice.

For the reasons stated above, Freedom believes Plaintiff's claims should be dismissed as a matter of law. Accordingly, Freedom requests that a pre-motion conference be scheduled pursuant to the Court's Rules and Procedures.

Respectfully submitted,

*/s/Joshua M. Link*

Joshua M. Link
Sarah S. Mattingly (pro hac to be forthcoming)
*Attorneys for Defendant*

cc: All Counsel of Record (via CM/ECF System)