**<u>NOT FOR PUBLICATION</u>**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STEVEN R. FARRINGTON,<br><br>    Plaintiff,<br><br>  v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>    Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 20-04432 KMW-AMD<br><br>**OPINION** |

APPEARANCES:

Cary L. Flitter, Esquire
Jody Thomas Lopez-Jacobs, Esquire
Andrew M. Milz, Esquire
Flitter Milz, P.C.
1814 East Route 70, Suite 350
Cherry Hill, NJ 08003
*Counsel for Plaintiff Steven R. Farrington*

Richard A. O'Halloran, Esquire
Dinsmore & Shohl LLP
100 Berwyn Park
850 Cassatt Road, Suite 110
Berwyn, PA 19312
*Counsel for Defendant Freedom Mortgage Corporation*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

This matter comes before the Court by way of Plaintiff Steven R. Farrington's Motion for Reconsideration of the Court's October 31, 2022 opinion and order (ECF Nos. 101-102) granting in part and denying in part Defendant Freedom Mortgage Corporation's motion for summary judgment (ECF No. 86) and denying Plaintiff's cross-motion for summary judgment as to his Fair Credit Reporting Act ("FRCA") claim (ECF No. 90). The motion is decided without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons below, Plaintiff's Motion is denied.

## II. BACKGROUND

The factual background and procedural history of this case are set forth more fully in the Court's October 31, 2022 Opinion. (ECF No. 101). Accordingly, this Opinion and Order will focus on the details pertinent to the pending motion. Plaintiff brought this action pursuant to the FRCA, 15 U.S.C. § 1681, *et seq.*, alleging that Defendant violated 15 U.S.C. 1681s-2(b) by reporting false information about him to the "Big 3" credit bureaus. Compl. ¶ 58. Plaintiff contends he disputed credit reporting information, Defendant performed an insufficient investigation after Plaintiff disputed the reporting, and Defendant failed to accurately report the results of the investigation. Compl. ¶¶ 58-67.

On February 25, 2022, Defendant filed a motion for summary judgment. (ECF No. 86). On April 4, 2022, Plaintiff filed a cross-motion for partial summary judgment as to the FRCA claim. (ECF No. 90). Thereafter, Defendant filed a reply and opposition to Plaintiff's cross-motion. (ECF No. 94). On October 31, 2022, the Court granted in part and denied in part Defendant's motion for summary judgment and denied Plaintiff's cross-motion for summary judgment as to the FRCA claim. (ECF Nos. 101-102). On November 14, 2022, Plaintiff filed a Motion for

Reconsideration (ECF No. 106) which Defendant opposed (ECF No. 108). Plaintiff's Motion asks the Court to reconsider granting summary judgment as to Plaintiff's FRCA claim because Defendant should have reported Plaintiff's mortgage account on his credit report as "disputed" and failure to provide this context for the account rendered Defendant's reporting "misleading by omission." Pl.'s Br. at 1-2. He further argues the Court did not address in its October 31, 2022 opinion *Seamans v. Temple University*, 744 F.3d 853 (3d Cir. 2014), a case he argues applies to the instant FRCA claim.

### III.     LEGAL STANDARD

Under Local Civil Rule 7.1(i), a party may seek reconsideration by the court of matters "which [it] believes the Judge has overlooked" when it ruled on the initial motion. To prevail on such a motion, the moving party must demonstrate "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). "To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *D'Argenzio v. Bank of America Corp.*, 877 F. Supp. 2d 202, 207 (D.N.J. 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). The Court will grant the motion only "upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001).

A motion for reconsideration, however, "may not be used by parties to 'restate arguments that the court has already considered.'" *Rush v. Portfolio Recovery Assocs. LLC*, 977 F. Supp. 2d 414, 438 (D.N.J. 2013) (quoting *Lawrence v. Emigrant Mortg. Co.*, No. 11-3569, 2012 WL

5199228, at *2 (D.N.J. Oct. 18, 2012)). Nor may a motion for reconsideration be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Id.* (quoting *NL Indus., Inc. v. Comm. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). The motion "should not provide the parties with an opportunity for a second bite at the apple." *Id.* (quoting *Tishcio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998)). Rather "a difference of opinion with the court's decision should be dealt with through the normal appellate process." *Id.* (quoting *Dubler v. Hangsterfer's Laboratories*, No. 09-5144, 2012 WL 1332569, at *2 (D.N.J. Apr. 17, 2012)).

## IV.   DISCUSSION

Here, Plaintiff has provided no reason to justify reconsideration. Plaintiff does not point to a change in controlling law, availability of new evidence, or the need to correct a clear error of law or prevent manifest injustice. The only support Plaintiff provides in his motion is restating an argument he presented in his cross-motion for summary judgment and reciting a case he used in his cross-motion to support that argument. Simply repeating an argument and law to support that argument is inappropriate in a motion for reconsideration. *See Facteon, Inc. v. Comp Care Partners, LLC*, No. 13-6765, 2015 WL 519414, at *1 (D.N.J. Feb. 9, 2015) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" (quoting *G-69 v. Degnan*, 784 F. Supp. 274, 275 (D.N.J. 1990))).

Plaintiff claims that the Court erred in finding that "the dispute concerning whether the insurance proceeds should have been applied to the mortgage balance was a legal, not a factual, dispute that did not impact that factual accuracy of the information reported by [Defendant] to

4

the CRA." Pl.'s Br. at 1. He asserts the Court overlooked or otherwise did not address controlling Third Circuit precedent from *Seamans*. Plaintiff uses that case to support his argument that Defendant should have reported that his account was disputed and failure to report this information rendered Defendant's credit reporting "misleading by omission." Pl.'s Br. at 1-2. Plaintiff raised this argument in his briefings on the motions for summary judgment and ultimately the Court rejected that argument. (ECF No. 101, Page 22-28). The Court explains why Plaintiff's repeated attempts to apply the reasoning of *Seamans* to the instant action are misplaced.

*Seamans* concerned a dispute over the accuracy of a university reporting a student loan to a consumer reporting agency ("CRA"). 744 F.3d at 857. When the plaintiff paid the loan in full approximately 19 years after the student loan went into default, the university reported to the CRA certain information about the loan. *Id.* at 857. Plaintiff disputed that information, including the account's collections history and listed date of first delinquency and, following multiple investigations, filed an action against the university for negligently or willfully violating the FRCA. *Id.* at 859. Multiple questions were presented to the Third Circuit on appeal following a grant of summary judgment for the university, including whether a furnisher's continuing failure to flag an account as disputed constitutes a violation of the FRCA. *Id.* at 866-67. The Third Circuit held, in part, that a private cause of action arises under the FRCA when, "having received notice of a consumer's potentially meritorious dispute, a furnisher subsequently fails to report that the claim is disputed." *Id.* at 867.

Here, Plaintiff misses the mark in arguing his dispute is "potentially meritorious" just as the Third Circuit categorized the dispute presented by the plaintiff in *Seamans*. As this Court stated in its October 31, 2022 Opinion, a plaintiff must show inaccuracy to state a claim under 15

5

U.S.C. 1681s-2(b).  (ECF No. 101, Page 24).  Information that is technically considered correct may be considered inaccurate if it creates a "materially misleading impression." *Id.*  In *Seamans*, the Third Circuit considered the plaintiff's claim to be "potentially meritorious" because the information the university provided "may have been incomplete and inaccurate insofar as it did not disclose the account's date of first delinquency or the fact that the account had been placed for collection." *Id*. at 866.  Here, unlike in *Seamans*, there is no evidence establishing that Plaintiff's claim could be "potentially meritorious."  Plaintiff has not demonstrated that Defendant had any obligation under the FRCA to apply the insurance proceeds to Plaintiff's loan balance which could render his claim "potentially meritorious."  Moreover, Plaintiff has not demonstrated any genuine dispute as to any material fact that the information furnished by Defendant, including Plaintiff's loan balance and arrearages, was inaccurate or misleading.  Accordingly, the Third Circuit's reasoning in *Seamans* does not support Plaintiff's claims in the instant case.

## V. CONCLUSION

For the reasons expressed above, the Motion for Reconsideration is **DENIED**.  An accompanying Order shall issue.

Dated:   June 30, 2023

*Karen M. Williams*
_____
KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE